# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-2775
_____

SCOTT BROWN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

February 19, 2018


PER CURIAM.

AFFIRMED.

LEWIS and WINSOR, JJ., concur; WETHERELL, J., concurs with opinion.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*
_____

WETHERELL, J., concurring.

I concur in the decision to affirm Appellant's judgment and sentence for violating section 847.0138(2), Florida Statutes (2014), because the trial court did not abuse its broad discretion in denying the special jury instruction Appellant requested and the other issue raised on appeal is meritless. That said, for sake of consistency and completeness, the Supreme Court Committee on Standard Jury Instructions in Criminal Cases might want to consider amending the standard jury instruction for section 847.0138(2)—*see* Std. Jury Instr. (Crim.) 11.21—to define the terms "prurient interest" and "morbid interest" as is done in the instructions for other chapter 847 crimes in which those terms are used.  *See* Std. Jury Instr. (Crim.) 24.1 – 24.6. Those terms are key components of the statutory definition of "harmful to minors"—which is the crux of section 847.0138(2)—and, even if it is not absolutely necessary to define those terms in the jury instructions, see *Russ v. State*, 832 So. 2d 901, 911 (Fla. 1st DCA 2002) ("A trial court is under no obligation to define terms in common use and generally understood by the average person."), there is certainly no harm in doing so.

_____

Mark V. Murray, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.